MARÍA FRANCISCA HERMINIA TORRES, Plaintiff and Appellant, *v.* HEIRS OF JOSÉ ANACLETO CABALLERO FLORES, Defendants and Appellees.

No. 4265. Argued February 3, 1928.—Decided June 10, 1929.

*E. Márquez Huertas* for the appellant. *González Fagundo & González Jr.* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

José Anacleto Caballero Flores died leaving a will made in June of 1923 wherein after stating that he was a bachelor without legitimate or natural descendants and without ascendants he left the residue of his property, after the payment of his debts, to his brother and sister Juan and Josefa Caballero Flores. Later María Francisca Herminia Torres, known as Herminia Torres, brought an action of filiation in

the District Court of Humacao praying to be adjudged the acknowledged natural daughter of José Anacleto Caballero Flores. The action was against all of the living brothers and several nephews of the testator, the children of deceased brothers, as members of his succession. The brothers and one of the nephews answered the complaint and opposed it, but the other nephews made no appearance. Judgment having been rendered dismissing the complaint, this appeal was taken, notice thereof being given to the defendants who had appeared, but not to the others, and for this reason on the day of the hearing on this appeal the defendants who had appeared moved for its dismissal, alleging that this court had no jurisdiction because the defendants who had not been notified of the appeal were adverse parties, as they would be affected by a reversal of the judgment appealed from, for if the judgment should be sustained the will would remain valid and they would be heirs in union with the brother and sister of their uncle because the will made no institution of heirs.

According to section 664 (a) of the Civil Code, succession is the transmission of the rights and obligations of a deceased person to his heirs. According to section 668 of the same Code, an heir is a person succeeding under a universal title, and a legatee is one succeeding under a special title; and it is provided in section 676 of the same Code that the testator may dispose of his property either under title of inheritance or under that of legacy, and that in case of doubt, even if the testator has not actually used the word "heir," if his will is clear on this point, his disposition shall be valid as made under a title, either universal or of inheritance. In this case the testator disposed of the residue of his estate in favor of his brother and sister by title of inheritance, for although he did not actually use the word "heir," but used the word "legacy," yet he did not leave them a particular thing, but the universality of his liquid property, and therefore his nephews have no right to be declared his heirs and

consequently are not adverse parties in this appeal, inasmuch as they can not be affected by a reversal of the judgment appealed from for the reason that they can not derive any benefit from the judgment and the will, and consequently the appeal should not be dismissed.

This question being settled, let us consider the appeal on its merits.

One year and a half after making that will José Anacleto Caballero Flores died on December 16, 1924, and within a year after his death this action was brought by the plaintiff who alleged that she was thirty years old, was born in Aguas Buenas on December 3, 1895, and was the offspring of sexual relations between her mother Eladia or Elodia Torres and José Anacleto Caballero Flores, both being single and without impediment to contract marriage, and that since then the plaintiff has been in continuous possession of the status of natural daughter of José Anacleto Caballero Torres, justified by acts of her father and his family, according to the averments of fact in that respect. The complaint contains two other causes of action which are dependent on her being recognized as such natural daughter and based on subdivision 2 of section 135 of the Spanish Civil Code in force at the time of the birth of the plaintiff.

After a trial in the district court the complaint was dismissed and on appeal from that judgment the plaintiff alleges two grounds for its reversal, namely, that the trial court erred in not giving due weight to the evidence introduced by the plaintiff, as it did not take into consideration the continuous possession of the status of natural daughter which was shown by the facts, and her condition as such in which she had always been held by the relatives of the father; and in dismissing the complaint and denying the acknowledgment as natural daughter on the grounds adduced, as well as in failing to pass on the other prayers of the complaint.

In order to prove the acts of acknowledgment tending to show the alleged continuous possession of the status of ac-

knowledged natural daughter of José Anacleto Caballero Flores by his acts and those of his family the appellant introduced at the trial her own testimony, that of her mother and of four more witnesses. Her mother Elodia or Eladia Torres testified that while living in her father's house in a ward of Aguas Buenas she had amorous relations with José Anacleto Caballero Flores from which the plaintiff was born, and that they went to live later in a house belonging to the father of her lover near the farm of that family where she used to receive the visits of José Anacleto Caballero Flores and remained there for a year, and then went with her daughter to live with her brothers in a ward of Bayamón; that the expenses of the childbirth were paid by José Anacleto Caballero Flores who treated the child as his daughter; that he went to Bayamón to take her and the child to be christened in Aguas Buenas, on which occasion they went to the house of the father of José Anacleto Caballero Flores, the child having been treated by his family as the daughter of José Anacleto Caballero Flores who afterward sent to Bayamón for the child so as to keep her in his home where she stayed two or three months, and that José Anacleto Caballero Flores continued the relations with the mother and the daughter, occasionally going to Bayamón until the plaintiff was twelve or fourteen years of age, after which he did not go there again.

The plaintiff testified that she is thirty years old and remembers José Anacleto Caballero Flores since she was seven years old and living with her mother in Bayamón; that he used to treat her as his daughter, giving her presents and sending for her to go and stay with him in Aguas Buenas, but after staying for two or three months in the house of that family as his daughter she returned to Bayamón to her mother; that he occasionally went to the house of her mother and that she went to visit him a year or two before his death.

Jacinto Torres testified that José Anacleto Caballero Flores asked him to become the godfather of his daughter and

he agreed and for that purpose they went with the mother to Aguas Buenas where the christening took place and that on that occasion all of them went to the house of José Anacleto Flores where he and his relatives treated the child as his daughter. This witness also testified that the child was about three years old when she was christened, although it appears from the baptismal certificate that she was seven months old.

Witness Victoria Cedeño, widow of a brother of José Anacleto, testified in terms similar to Elodia Torres; but it must be said that she admitted being disgusted with that family because they had accused a son of hers of having stolen some heifers, and on account of money matters.

Gerardo Vergara testified that he knew Elodia and José Anacleto were living together when the plaintiff was born, whom he treated as a daughter; that the last time he saw her there was 28 or 30 years ago, and that the last time he saw Caballero was about six years ago.

The last witness for the plaintiff, Telesforo Camacho, said that he knew very little about the matter, as he did not know whether or not José Anacleto Caballero left any children at his death, although it was publicly rumored that he had a daughter, and that he is ignorant of the way he treated Elodia.

The defendants called several witnesses. Juan Caballero Torres, a brother of José Anacleto with whom he and other brothers lived, testified that he knew the plaintiff because she went to the house as a servant and denied that she had ever stayed there as his niece and the daughter of his brother José Anacleto. Artemio Camacho said that he had been an intimate friend of José Anacleto Caballero for twenty years and he had never told him that he had a daughter and never heard that he was keeping a woman; that he had lived near José Anacleto Caballero and did not know that he was living with Elodia Torres; he was living three or four kilometers from the Caballero people, used to pass daily by that place and enter their farm; that he does not know the plaintiff.

Carlos Díaz said that he had known José Anacleto Caballero since the latter was 18 years old and worked in their house for about seven years; that he does not know Herminia and never knew that José Anacleto had children. Etelvina Mesler testified that 28 or 29 years ago she was the sweetheart of José Anacleto Caballero for two years and did not know that he had any concubine; that she does not know the plaintiff. Antonia Velázquez said that she had known José Anacleto Caballero since he was 8 years old and lived across the road from him; that she did not know Elodia Torres as living on that farm. Such was the parol evidence.

For analyzing that evidence it is necessary to take into account some circumstances concurring in such cases. Of course, when it is sought to secure a declaration of the status of natural daughter of a father who had died the evidence should be studied and considered very carefully and even with certain suspicion, for the person charged with certain acts of acknowledgment can not defend himself against them and as a rule his relatives, who very often are ignorant of the private life of the deceased, have to disprove the imputations against him without other than negative evidence generally. Besides, it is usually a matter for suspicion that notwithstanding the lapse of many years (sixteen in the present case) without attributing to the putative father acts of acknowledgment, yet his death was awaited in order to sue then the prospective heirs. At any rate, it must be remembered always that evidence of the acts of acknowledgment must be strong and convincing, as we have said on many occasions, and that it must not be of isolated acts, but of such a nature as to show the continuous possession of the status of natural child from the alleged father or his family. But this does not mean that they must be uninterrupted during the whole life of the plaintiff child.

Guided by such rules, we conclude that the evidence in the present case is not strong and convincing in order to show the status of daughter sought to be declared of the plaintiff,

because it appears from the statements made by the mother of the plaintiff that a year after her daughter was born they went to live in a ward of Bayamón and although she said also, as did her daughter, that José Anacleto Caballero used to go there occasionally, such visits and his treatment at that time of the plaintiff as his daughter were isolated acts insufficient for showing the status of natural daughter during a reasonable period of time. The acts of acknowledgment in the home of José A. Caballero were denied by his brother Juan Caballero, and the other witnesses for the plaintiff do not add great weight to the testimony of the plaintiff and her mother, for although Jacinto Torres was the godfather of the plaintiff, his statement that Herminia was christened when she was three years old, whereas it has been shown by documentary evidence that she was only seven months old, detracts from the weight of his testimony as to the acts of acknowledgment of the putative father and his family. Gerardo Vergara and Telesforo Camacho are not of great aid to the plaintiff, especially the latter; and as to Victoria Cedeño, there is no doubt that the trial court did not believe her in view of its own statements. Consequently the plaintiff's evidence, even discounting the denial of the defendants, is not considered sufficient to show the continuous possession of the status of natural daughter of José Anacleto Caballero derived from acts of acknowledgment of the putative father or of his family. Hence the first assignment of error is without merit.

The second error assigned has no foundation because the judgment dismissing the complaint is the logical consequence of the lack of evidence on the part of the plaintiff. Nor is there error in failing to consider the other prayers of the complaint, because their determination was only necessary in case the plaintiff had been declared a natural daughter.

The judgment appealed from must be affirmed.

Mr. Chief Justice Del Toro and Mr. Justice Hutchison dissented.